IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWAYNE SPURELL,

Plaintiff,

v.

ALEAH MCGUIGAN, *et al.*,

Defendants.

No. 4:25-CV-01924

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 10, 2026

Plaintiff Dwayne Spurell filed the instant *pro se* Section 1983[1] action,

alleging constitutional violations by prison officials at the State Correctional

Institution, Frackville (SCI Frackville).  The Court will dismiss Spurell's

complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief

but will grant leave to amend.

## I.    BACKGROUND

Spurell initially lodged this *pro se*, *in forma pauperis* lawsuit in October

2025, but failed to pay the initial partial filing fee or provide a written statement as

to why he could not pay this fee.[2]  After several warnings in follow-up orders and

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional
wrongs committed by state officials.  The statute is not a source of substantive rights; it serves
as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ.
v. Doe*, 536 U.S. 273, 284-85 (2002).
[2]    *See* Docs. 1, 2, 9.

no response from Spurell, his case was dismissed for failure to comply with court orders.[3]

Spurell eventually wrote a letter to the Court in January 2026, indicating that he had been transferred to a different prison (SCI Phoenix) and had experienced difficulty getting the financial officers at SCI Frackville to submit the requisite initial partial filing fee.[4]  The Court issued several orders to SCI Phoenix administrators to provide copies of Spurell's prisoner trust fund account statement,[5] and finally received a copy of that statement on February 10, 2026.[6] The statement showed that prison officials had in fact deducted the initial partial filing fee from Spurell's account in November 2025, yet the Court had never received this fee.[7]

Accordingly, the Court construed Spurell's letter as a motion for reconsideration of this Court's January 7, 2026 dismissal order, granted reconsideration, and vacated that order.[8]  Spurell's Section 1983 lawsuit is now properly before the Court for screening under 28 U.S.C. § 1915A(a).

In his complaint, Spurell essentially alleges that he received deficient medical care at SCI Frackville.  He asserts that he has "stomach" and "back"

---

[3]  *See* Doc. 12.
[4]  Doc. 13.
[5]  *See* Docs. 14, 15.
[6]  Doc. 16.
[7]  *See id.* at 2.
[8]  *See* Doc. 17.

problems, but that prison medical providers have been unable to properly diagnose

him.[9]  He recounts the following treatment:

- Unidentified providers have drawn blood samples;

- In July 2024, Spurell had an ultrasound of his abdomen;

- In December 2024, he had a hepatobiliary iminodiacetic acid scintigraphy (HIDA) scan of his gallbladder;

- This HIDA scan was reviewed by Dr. Baddick, who ordered a gastroenterology consult in January 2025;

- Spurell was seen by an outside specialist in February 2025, which specialist stated that he would not recommend removal of the gallbladder but did recommend a CT scan and colonoscopy;

- Dr. Baddick ordered a CT scan in February 2025;

- In March 2025, Spurell was seen to complete a CT scan questionnaire and consent for contrast dye;

- A CT scan was scheduled for May 29, 2025, but was canceled because the "CT/MRI" machine was broken;

- Dr. Baddick rewrote the order for Spurell to receive the CT scan through an outside provider;

- On unspecified dates, Spurell was sent for the CT scan and the outside gastroenterology consult but, at the time of the filing of the complaint, Spurell had not been seen by any prison medical provider to discuss the results of that test and consult.[10]

---

[9]  Doc. 1 at 4.
[10]  *Id.* at 4-5.

Spurell sues five defendants: Aleah McGuigan, Nursing Supervisor Lisa Quercia, CHCA Jane Herb, Grievance Coordinator Beth Lazusky, and Dr. Baddick.[11]  He appears to assert Section 1983 claims of Eighth Amendment deliberate indifference to serious medical needs and Fourteenth Amendment equal protection.[12]  He seeks compensatory and punitive damages, as well as transfer to a different prison.[13]  Spurell, however, fails to state a claim upon which relief may be granted, so the Court will dismiss his complaint.

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[14]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[15]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to

---

[11]  *Id.* at 2-3.

[12]  *See id.* at 5, 6.  Spurell also uses the constitutional tort buzzwords "right to petition," but does so in purely conclusory fashion.  *See id.* at 6.  None of the allegations in his complaint implicate a First Amendment Petition Clause claim, so the Court will dismiss this claim—which is unsupported by any factual allegations—without further discussion because it is a mere legal conclusion.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation omitted).

[13]  Doc. 1 at 6.

[14]  *See* 28 U.S.C. § 1915A(a).

[15]  *Id.* § 1915A(b)(1).

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[16]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[17]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[18]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[19]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[20]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[21]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[16]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[17]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[18]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[19]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[20]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[21]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[22]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[23] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

Because Spurell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[25]  This is particularly true when the *pro se* litigant, like Spurell, is incarcerated.[26]

## III.   DISCUSSION

Upon review of Spurell's complaint, it is clear that he fails to state a claim upon which relief may be granted.  The Court will address his numerous pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[27]  Rather, a Section

---

[22]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[23]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[24]   *Iqbal*, 556 U.S. at 681.
[25]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[26]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[27]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[28]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[29]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[30]

Spurell's first and primary pleading deficiency is his failure to allege personal involvement for each Defendant.  Although he names five Defendants, his allegations only specifically reference Dr. Baddick's conduct.[31]  Yet even as to Dr. Baddick, Spurell does not include any allegations of *wrongdoing* that would establish personal involvement in a constitutional violation.  Rather, his allegations involving Dr. Baddick simply recount that provider's rather innocuous provision of medical treatment.

---

[28]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[29]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[30]  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[31]  *See* Doc. 1 at 4-5.

Additionally, Spurell sues Grievance Coordinator Beth Lazusky. Presumably (because there are no allegations against her in the complaint), Spurell is suing Lazusky for her role in the grievance process. But, as noted above, a state official's involvement in the grievance process by itself does not plausibly state personal involvement in a constitutional violation.

To plausibly state a Section 1983 claim, Spurell must specify each Defendant's personal involvement in the alleged constitutional violation. That is, he must explain what action (or inaction) by each Defendant violated his constitutional rights. He has not done so for any Defendant. Accordingly, the Court must dismiss the Section 1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

## B.    Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[32] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[33] A serious

---

[32]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[33]  *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

8

medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[34]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[35]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[36]  Claims sounding in mere medical negligence will not suffice.[37]

Spurell does not plausibly allege an Eighth Amendment medical indifference claim against any Defendant.  Assuming his allegations regarding stomach and back pain are sufficient to state a serious medical need, Spurell has not alleged deliberate indifference or causation with respect to any Defendant.

First, Spurell does not allege personal involvement for four out of the five Defendants, so he obviously has not plausibly alleged deliberate indifference to a serious medical need by any of those four officials.  Notably, several of the named

---

[34]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[35]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[36]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[37]  *Rouse*, 182 F.3d at 197.

Defendants are not medical providers, yet it is clear that Spurell was being treated by medical staff at all relevant times.[38]  As to Dr. Baddick, Spurell's allegations of extensive medical treatment, orders for testing, and referrals to outside specialists do not reflect deliberate indifference to Spurell's medical needs; in fact, they reflect the opposite.  In sum, none of Spurell's allegations come close to showing that any Defendant acted negligently, much less that they acted with deliberate indifference to his medical needs.

Second, Spurell has not plausibly alleged that any Defendant's conduct caused him harm.  Again, Spurell's complaint reflects a substantial amount of medical treatment and follow-up care.  Nowhere in his complaint does he plead how he was harmed by a Defendant's action or inaction.  Although it appears that Spurell is frustrated by his lack of diagnosis, in that respect he is in no different position than any non-incarcerated person who is experiencing symptoms but has yet to be diagnosed.  Spurell was treated repeatedly by both prison medical staff and outside specialists, and it is unclear why he believes his Eighth Amendment rights were infringed.

Thus, while Spurell appears to contend that he received constitutionally deficient medical care, he has not plausibly alleged such an Eighth Amendment

---

[38]  *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (noting that nonmedical prison officials are not "chargeable with the Eighth Amendment scienter requirement of deliberate indifference" unless they have a reason to believe (or actual knowledge) that prison doctors or other medical staff are mistreating or not treating a prisoner).

claim against any named Defendant.  His failure to allege two of the three elements of a medical indifference claim is an additional reason for dismissal under Section 1915A(b)(1).

### C.    Fourteenth Amendment Equal Protection

It is unclear which Defendant or Defendants Spurell believes violated the Equal Protection Clause of the Fourteenth Amendment.  Nevertheless, Spurell has not stated an equal protection cause of action as to any Defendant, so the Court need not try to ascertain against whom he is asserting this claim.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[39]  To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[40]  An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[41]

---

[39]   U.S. CONST. amend. XIV, § 1.
[40]   *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).
[41]   *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

While Spurell invokes the phrase "equal protection," he does not plausibly allege any of the elements of such a claim.  He does not aver that he belongs to a protected class or that the "discrimination" against him was the intentional result of his membership in that class, so it follows that he may be attempting to assert a "class of one" equal protection claim.

If so, he has not alleged such a claim.  Spurell cursorily states that "equal protection means that a prison cannot treat some prisoners differently than it treats others without a reason."[42]  True enough.  However, Spurell does not plausibly allege that he was treated differently than other similarly situated prisoners, or that this disparate treatment was without a rational basis.  Consequently, he has not alleged a class of one equal protection claim.

### D.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[43]  The Court will grant Spurell leave to amend.

If Spurell chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his

---

[42]   Doc. 1 at 5.
[43]   *Grayson*, 293 F.3d at 114.

claim(s) in short, concise, and plain statements, and in sequentially numbered paragraphs.  Spurell must leave one-inch margins on all four sides of his pleading.[44]  He must also name proper defendants and specify the offending actions or omissions by each defendant.  This step is particularly critical for Spurell, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly unconstitutional conduct.  Spurell may not refer to Defendants by number; instead, he must identify and reference them by name.  He must also sign the amended complaint and indicate the nature of the relief sought.

If Spurell does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Spurell's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44]   *See* LOCAL RULE OF COURT 5.1.